UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JOHNNY GILDER, ET AL.** | * | **CIVIL ACTION NO. 13-3052** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **RAY WILSON, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a motion to compel discovery responses [doc. # 61] filed by defendants Heart's Desire, LLC; Ray Wilson; and ProAssurance Specialty Insurance Company.[1]  The motion is opposed.  For reasons assigned below, the motion is DENIED.

## Background

On February 14, 2014, defendants propounded interrogatories and requests for production to all four plaintiffs.  In April 2014, plaintiffs provided answers and responses to defendants' former counsel, but answered a number of interrogatories only on behalf of plaintiff Johnny Gilder.  *See* Ans. to Interr. [doc. # 56, Exh. A].  After defendants' current counsel enrolled in the case, he noticed that the file did not include any of plaintiffs' discovery responses.  Accordingly, he notified plaintiffs' counsel of the omission, and on December 17, 2014, obtained a copy of the April 2014 answers and responses.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On December 30, 2014, defense counsel wrote to plaintiffs' counsel and notified him that several of the discovery answers and responses omitted information for three of the plaintiffs. (Dec. 30, 2014, Letter from B. Biller to B. Smith [doc. # 56, Exh. B]).  Defense counsel further noted that some of the responses to the requests for production stated "see attached," but the documents were not included in plaintiffs' counsel's December 17, 2014, re-production.  *Id*.  On February 20, 2015, defense counsel reminded his counterpart that the discovery deficiencies identified in his December 30, 2014, letter remained unremedied.  (Feb. 20, 2015, Letter from B. Biller to B. Smith [doc. # 56, Exh. B]).

On September 18, 2015, defendants propounded additional interrogatories and requests for production.  [doc. # 56, Exh. C].  When, by October 19, 2015, plaintiffs failed to respond to this latest round of discovery, defendants filed the instant motion to compel full and complete answers and responses to both the February 14, 2014, *and* the September 18, 2015, discovery requests.

On November 10, 2015, plaintiffs filed their response to defendants' motion in which plaintiffs' counsel represented that defense counsel did not contact him before filing the instant motion.  He further represented that "[a]s of the date of this filing, Plaintiffs have responded to all Interrogatories and Request [sic] for Production."  (Pl. Opp. Memo., pg. 2).  Plaintiffs also asked the court to cast movants with the cost of responding to the motion.   Defendants did not file a reply, and the time to do so has lapsed.  (Notice of Motion Setting [doc. # 62]).

## Analysis

In light of plaintiffs' representation that they *now* have responded to all outstanding discovery, combined with the lack of a reply brief by movants contesting same, the court

necessarily finds that the motion to compel is moot. Furthermore, because plaintiffs share some responsibility for the filing of the motion to compel, the court is not inclined to award costs. Fed.R.Civ.P. 37(a)(5)(B) (reasonable expenses are not permitted if motion was substantially justified or if an award would prove unjust). Accordingly,

IT IS ORDERED that defendants' motion to compel [doc. # 61] is DENIED, as moot.

IT IS FURTHER ORDERED that plaintiffs' request for costs is DENIED.

In Chambers, at Monroe, Louisiana, this 19th day of November 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE